Matter of MaryBeth D. v Herbert C. (2018 NY Slip Op 01880)





Matter of MaryBeth D. v Herbert C.


2018 NY Slip Op 01880


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6040

[*1]In re MaryBeth D., Petitioner-Respondent,
v
Herbert C., Respondent-Appellant.


Petroske Riezenman & Meyers, PC, Hauppauge (Michael W. Meyers of counsel), for appellant.
Stein & Ott LLP, New York (Lara P. Ott of counsel), for respondent.



Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 7, 2017, which, to the extent appealed from as limited by the briefs, confirmed orders, same court (Serena Rosario, Support Magistrate), entered on or about November 10, 2016 and on or about October 18, 2016, denying respondent's motion to vacate a default, and directing entry of a money judgment in petitioner's favor, for child support arrears, unanimously affirmed, without costs.
Respondent failed to offer a reasonable excuse for wilfully absenting himself from the hearing on September 28, 2016 (CPLR 5015[a]; see Goncalves v Stuyvesant Dev. Assoc. , 232 AD2d 275 [1st Dept 1996]). His status as a pro se litigant does not change this determination. Respondent claims that he believed that the court would entertain the request he made on September 28 for an adjournment and that petitioner would consent to it. The transcript of the September 27 hearing shows that his request had already been denied by the court and objected to by petitioner's counsel. He claims that he attempted to contact the court all morning on September 28 and that he faxed an adjournment request to the court. The transcript shows that the court informed the parties on September 27 that the part would be closed the next morning.
We note that respondent also failed to establish a meritorious defense to the enforcement proceedings (see id. at 276).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK